UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ADAM NOVICK,                                                         99-CV-6190-TC

                                    Plaintiff,

                    v.                                                    · ORDER

EUGENE CHAPTER, IZAAK WALTON
LEAGUE OF AMERICA, INC., an Oregon
nonprofit corporation,

                          Defendant.
_____

COFFIN, Magistrate Judge:

    Plaintiff brings this action pursuant to the Clean Water Act and the Solid Waste Disposal Act.

He asserts several claims for alleged violations arising from operation of a shooting range on

property adjacent to plaintiff's property.

    Presently before the court is defendant's motion (#164) for partial summary judgment on

plaintiff's common law state claims.  For the reasons stated below, the motion is allowed and

plaintiff's common law claims are dismissed.

## Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## Discussion

The parties and court are very familiar with the facts of this old and ongoing case, many of which are set forth in this court's previous Order (attached to #124).

Defendant argues and persuasively demonstrates that restrictive and permissive language in a warranty deed from plaintiff's predecessors in interest entitles defendant to summary judgment on plaintiff's trespass, private nuisance, public nuisance, and negligence claims. See p.p. 5-17 of Defendant's Memo (#165).

The Warranty Deed by which plaintiff's predecessors in interest conveyed approximately 18 acres of their land to defendant in August of 1956 contained both restrictive and permissive language, in the nature of an easement, that immediately follows the metes and bounds of the property, as follows:

> Said property to be used for park, playground and recreational uses only, but the owners hereby agree to let Izaak Walton League put up warning signals at any distance they see fit on adjoining property owned by George E. or Enid Owen, or their heirs or assigns, if same is needed for safety reasons if part of this land is used as a shooting range. ALSO George E. Enid Owen agree, and hereby bind their heirs and assigns to agree, not to sell any land within 500' of above described property, the purpose being to prevent this from being a hazard and jeprodize [sic] the use of the property by having people live too close and will leave this 500' strip for growing timber only.

Def's Exh. 1 attached to #165.

It is clear from the text and context of this restrictive and permissive deed language that in the event defendant were to use part of the property as a shooting range, as it in fact did, then the grantors (Owens) intended that there be a 500 foot buffer zone on grantors' adjoining property, to be used for growing timber only and not for residential purposes, because having people live too

Page 3 - ORDER

close to the shooting range boundary would be too dangerous. Further, grantors agreed to let defendant place warning signals "at any distance they see fit" on grantors' adjoining property. It is clear from the language of the Warranty Deed that both parties acknowledged and accepted the fact that a shooting range could be operated on the property that was being deeded by the Owens to defendant, and that in that event, defendant would have rights in the nature of an easement to place warning signs as they saw fit on grantors' property, for bullets from the shooting range to enter grantors' adjoining property for a distance of up to 500 feet onto that property, and that grantors, their heirs, successors and assigns would restrict their use of that 500 foot portion of the adjacent property to growing timber only.

Contrary to plaintiff's arguments, the restrictive and permissive language of the Deed is not ambiguous.[1] There is an express grant to defendant of the right to place warning signals on plaintiff's property. Further, plaintiff's use of the 500 feet of adjoining property belonging to plaintiff is expressly restricted to growing timber only in the event a shooting range is located on defendant's property. Defendant has operated a shooting range on the property adjacent to defendant's property since approximately 1956.

It is clear from the face of the Deed that the parties contemplated defendant's use of the property as a shooting range and acknowledged that if a shooting range were operated there, then defendant would have the rights as described and plaintiff would be restricted in the use of 500 feet of his adjacent property so as to provide a bullet hazard buffer zone.

As demonstrated by defendant at p.p. 7-9 of defendant's memo (#165), plaintiff has admitted

----

[1]Defendants have demonstrated that all of plaintiff's arguments regarding ambiguity are not persuasive. See p.p. 2-4 of Defendant's Reply (#174).

these facts in his responses to defendant's Request for Admissions, Agreed Facts of the Pretrial Order lodged herein (#153) and in plaintiff's deposition testimony.

As persuasively demonstrated by defendant with argument and support, plaintiff's alleged claims for trespass, nuisance and negligence fail as they are rooted in the noise and spent ammunition on up to 500 feet of plaintiff's property, and such has always been permitted and consented to under terms of the unambiguous 1956 Deed to defendant, which binds all successors, including plaintiff. See p.p. 13-17 of Defendant's Memo (#165). As such, there is no genuine issue of material fact with respect to plaintiff's common law claims and defendant is entitled to summary judgment as a matter of law. Id..

Based on the above, this court need not reach defendant's alternate arguments for partial summary judgment.

### Conclusion

Defendant's motion (#164) for partial summary judgment on plaintiff's common law state claims is allowed and plaintiff's common law state claims are dismissed.

DATED this **15** day of December, 2011

THOMAS M. COFFIN
United States Magistrate Judge